■ MICHAEL NOWARK, Appellant, v. JEAN MAGUIRE, Respondent.— In an action to recover damages for slander, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, dated February 5, 1963, as granted defendant's motion to dismiss the second amended complaint for insufficiency, pursuant to subdivision 4 of rule 106 of the former Rules of Civil Practice. Order, insofar as appealed from, reversed, with $10 costs and disbursements; and defendant's motion to dismiss the second amended complaint denied. The defendant's time to answer such complaint is extended until 30 days after entry of the order hereon. The complaint alleges that the defendant, in the presence of plaintiff's wife and others, said of and concerning this plaintiff: "You are both queers. Even your wife said you were odd and she was stuck with you. I'll take you to Court for bothering my seven-year-old orphan." In our opinion, these statements are slanderous per se (*Mencher* v. *Chesley,* 297 N. Y. 94, 100, and cases there cited; *Brown* v. *Du Frey,* 1 N Y 2d 190, 199). Words charged to be defamatory are to be taken in their natural meaning, and the courts will not strain to interpret them in their mildest and most inoffensive sense in order to hold them non-libelous and nonslanderous (*Mencher* v. *Chesley, supra*). In "determining the capacity of these offending words to injure plaintiff, we must go beyond the dictionary definitions; and, no matter how defamatory some of the synonyms may seem when isolated, we must appraise their effect and impact in the fair

context" of the words or statements "in their entirety" (*Greyhound Securities v. Greyhound Corp.*, 11 A. D. 2d 390, 392). Assuming, however, that innuendo was necessary, we are of the opinion that the allegations in the second amended complaint adequately explain and point out the slanderous meaning of the words used; hence they are actionable (*Tracy v. Newsday*, 5 N Y 2d 134, 136). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hopkins, JJ., concur.