■ MORRIS E. RICHARDSON et al., Appellants, v. GEORGE E. COY et al., Respondents ▮▮▮▮▮▮ Memorandum: The complaint states a cause of action, at least in recission. There might also be concurrent jurisdiction in the court for recission and money damages. (*Heckscher* v. *Edenborn,* 203 N. Y. 210, 220; 20 N. Y. Jur., Equity, § 26.) We do not rule out the possibility of other forms of relief. Inasmuch as the motion is addressed to the entire complaint it must be denied in all respects. (*Lane* v. *Mercury Record Corp.,* 21 A D 2d 602, affd. 18 N Y 2d 889; *Foley* v. *D'Agostino,* 21 A D 2d 60.) Motions to dismiss should not be granted unless it is very clear that there can be no relief under any of the facts alleged in the pleading for the relief requested or for other relief. (*Foley* v. *D'Agostino, supra; Donnelly* v. *Rochester Gas & Elec. Corp.,* 21 A D 2d 740; CPLR 3013, 3017, subd. [a]; 3 Weinstein-Korn-Miller, par. 3013.03.) (Appeal from order and judgments of Monroe Special Term dismissing complaint in an action to rescind a contract.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ CAROL R. SUITER, as Executrix of WILLIAM A. SUITER, Deceased, Respondent, v. SHIRLEY COLLAMER, as Executrix of GEORGE COLLAMER, Deceased, Appellant. CAROL R. SUITER, as Executrix of WILLIAM A. SUITER, Deceased, Plaintiff, v. ROBERT ARNOLD, Doing Business as ARNOLD AIR SERVICES, Defendant.— ▮▮▮▮▮▮ Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.