ROBERT J. HAHN, Appellant, *v.* FRANK V. ANDRELLO, Respondent, et al., Defendant.

ROBERT J. HAHN, Appellant, *v.* FRANK V. ANDRELLO, Defendant; UTICA OBSERVER-DISPATCH, INC., Respondent.

Fourth Department, May 23, 1974.

502

*Robert J. Hahn,* appellant in person.

*Coupe, Coupe & Matt (J. Leo Coupe* of counsel), for Frank V. Andrello, respondent.

*Evans, Severn, Bankert & Peet (Robert A. Bankert* of counsel), for Utica Observer-Dispatch, Inc., respondent.

MAHONEY, J. Plaintiff appeals from two separate orders of Special Term, Oneida County, granting dismissal of plaintiff's complaint against both defendants.

Basically, the facts are as follows: Defendant-respondent, Frank V. Andrello, is a Councilman in the City of Utica. As such he made a statement to the citizens of Utica relative to a problem involving the city dump. He criticized the performance of work done by the plaintiff who is an Assistant Corporation Counsel in the employ of the City of Utica. Criticism pertained to plaintiff's actions in his official capacity. The defendant-respondent, Utica Observer-Dispatch, Inc., published the statements of Councilman Andrello.

The complaint sets forth two causes of action. The first is against both defendants and sounds in libel, alleging that plaintiff was defamed in his profession and occupation as an attorney by certain statements uttered and published by the respective defendants. The alleged defamatory statements were contained in newspaper articles published in papers owned by the respondent Utica Observer-Dispatch, Inc., and a resolution of the Common Council of the City of Utica submitted by the respondent, Frank V. Andrello.

Plaintiff alleges that the alleged defamatory statements were uttered with actual malice or with a reckless disregard of the truth or falsity thereof, and that because of the oral and written publications he has been greatly injured in his profession, reputation and good standing in the community where he resides.

Plaintiff also alleged that subsequent to the publications by the respondent, Utica Observer-Dispatch, Inc., plaintiff demanded a retraction of the alleged libelous statements and that said defendant refused to retract, as a result of which plaintiff claims evidence of malice on the part of said defendant. Both motions to dismiss are essentially the same, in that the so-called libelous statements were made in the context of public debate on a matter of public interest. This being so, the statements, even if untrue, are privileged unless actual malice is shown.

The statements by the defendants must be construed as an attack on plaintiff's ability to serve in his present position as

Corporation Counsel of the City of Utica. Regardless of whether or not the statements were privileged or uttered under the premise of fair comment, it is clear that the words themselves constitute an imputation of incompetence or inability on the part of the plaintiff in his professional capacity. (*Nichols* v. *Item Publishers,* 309 N. Y. 596; *Tracy* v. *Newsday, Inc.,* 5 N Y 2d 134.)

While Special Term dismissed plaintiff's complaint on the grounds that the alleged defamatory statements were not libelous per se and that special damages had to be pleaded and proved, it is our belief that some of the statements are libelous per se, and must result in liability on the part of the defendants unless they are protected by the privilege of fair comment.

Beginning with *New York Times Co.* v. *Sullivan* (376 U. S. 254) the status of the law of libel changed radically. In that case the Supreme Court stated (pp. 287–288): "We think the evidence against the Times supports at most a finding of negligence in failing to discover the misstatements, and is constitutionally insufficient to show the recklessness that is required for a finding of actual malice."

The publications here definitely deal with matters of public interest, namely, an ordinance relative to a city dump, competitive bidding and a suit by the city administration against the Common Council and the plaintiff's relation to these matters. The Court of Appeals in *Trails West* v. *Wolff* (32 N Y 2d 207, 215–216) stated: "The subject was certainly as newsworthy as the arrest of a person for distributing allegedly obscene magazines (*Rosenbloom* v. *Metromedia,* 403 U. S. 29, 45, *supra*); the quality of food in the plaintiff's restaurant (*Twenty-Five East 40th St. Rest. Corp.* v. *Forbes, Inc.,* 30 N Y 2d 595); a dispute about a garbage disposal site (*Frink* v. *McEldowney,* 29 N Y 2d 720); or inaccuracies in the testing of clinical specimens by a mail-order laboratory (*United Med. Labs.* v. *Columbia Broadcasting System,* 404 F. 2d 706, cert. den. 394 U. S. 921)." Since we find that the statements dealt with matters of public interest, we need not be concerned as to whether or not the plaintiff is a public official.

In *Shapiro* v. *Health Ins. Plan of Greater N. Y.* (7 N Y 2d 56, 64) the court stated: "Nowhere in plaintiff's affidavit are there any evidentiary facts (as distinguished from mere conclusory allegations). Facts from which a jury could infer malice are not revealed * * * It was for plaintiff to show that he had facts available to prove such malice. He produced none. Suspicion, surmise and accusation are not enough * * *

defendants' motion for summary judgment dismissing the complaint granted, with costs in all courts.''

The statements before us in no way show that the plaintiff has facts available to prove malice.

The orders appealed from must be affirmed, particularly in the light of the Supreme Court decision in *Rosenbloom* v. *Metromedia, Inc.* (403 U. S. 29, 43–44), in which it was stated:

'' We honor the commitment to robust debate on public issues, which is embodied in the First Amendment, by extending constitutional protection to all discussion and communication involving matters of public or general concern, without regard to whether the persons involved are famous or anonymous.

\* \* \*

'' It is clear that there has emerged from our cases decided since New York Times the concept that the First Amendment's impact upon state libel laws derives not so much from whether the plaintiff is a ' public official ', ' public figure ', or ' private individual ', as it derives from the question whether the allegedly defamatory publication concerns a matter of public or general interest.''

A careful reading of plaintiff's affidvait indicates that there are no evidentiary facts alleged, as distinguished from mere conclusory allegations, from which a jury could infer malice. As stated in *Shapiro* v. *Health Ins. Plan of Greater N. Y.* (*supra*), '' suspicion, surmise and accusation are not enough.''

Plaintiff's contention that he is claiming damage in his private capacity as a lawyer and, therefore, is not covered by the rule of *New York Times* and *Rosenbloom* cannot be sustained. In *Garrison* v. *Louisiana* (379 U. S. 64, 77) the court stated: '' Of course, any criticism of the manner in which a public official performs his duties will tend to affect his private, as well as his public reputation. The *New York Times* rule is not rendered inapplicable merely because an official's private reputation, as well as his public reputation, is harmed. The public-official rule protects the paramount public interest in a free flow of information to the people concerning public officials, their servants. To this end, anything which might touch on an official's fitness for office is relevant.''

We find that the other contentions of the plaintiff are without merit.

We conclude that (1) the statements published by the defendants are libelous per se, but (2) that they are privileged and

therefore not actionable, since there has been no showing of actual malice.

The orders of Special Term should be affirmed.

MARSH, P. J., WITMER, SIMONS and GOLDMAN, JJ., concur.

Orders unanimously affirmed without costs.