■ SCHLOTTMAN AGENCY, INC., Appellant-Respondent, v AETNA CASUALTY AND SURETY COMPANY et al., Respondents-Appellants.—Order modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term properly dismissed plaintiff's, Schlottman Agency, Inc., first cause of action in its complaint against defendants Aetna Casualty and Surety Company and the Standard Fire Insurance Company. Further, the third cause of action may not be construed to state a cause of action for prima facie tort since no basis exists for plaintiff to allege that defendants' acts are without excuse or justification legally sufficient to constitute this intentional tort *(ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 459-461). The second and third causes of action claim that defendants violated section 340 of the General Business Law of New York (the Donnelly Act). Free competition is the public policy protected by section 340 and wrongful interference with it is prohibited *(Matter of Aimcee Wholesale Corp. [Tomar Prods.],* 21 NY2d 621, 625-626). All that need be shown is that the tendency of the alleged arrangement or combination will be or has been to lessen competition within the relevant market *(Columbia Gas of N. Y. v New York State Elec. & Gas Corp.,* 28 NY2d 117, 128; *Hsing Chow v Union Cent. Life Ins. Co.,* 457 F Supp, 1303, 1306-1308; *Eagle Spring Water Co. v Webb & Knapp,* 236 NYS 2d 266, 276). Upon a motion to dismiss, a complaint is deemed to allege whatever can reasonably be implied from its statements—and not whether the allegations can be established—considering the complaint as a whole (4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.36, p 32-113; Siegel, New York Practice, § 265; *Foley v D'Agostino,* 21 AD2d 60, 65). "Motions to dismiss should not be granted unless it is very clear that there can be no relief under any of the facts alleged in the pleading for the relief requested or for other relief" *(Richardson v Coy,* 28 AD2d 640, mot with-

drawn, 21 NY2d 864). We consider the averments contained in plaintiff's second and third causes of action in that light. Although not artfully drawn, these causes of action together assert more than unilateral price discrimination (see *State of New York v Mobil Oil Corp.,* 38 NY2d 460). Liberally interpreted, the complaint alleges an arrangement or combination between the individual defendants and between them and plaintiff's competitors to interfere with the free exercise by plaintiff of its business and that this interference had the effect of eliminating competition. We conclude, therefore, that section 340 of the Donnelly Act has been sufficiently pleaded to withstand a motion to dismiss for failure to state a cause of action. All concur, except Hancock, Jr., J., who dissents and votes to dismiss the complaint in the following memorandum.

Hancock, Jr., J. (dissenting). I concur with the majority's decision affirming dismissal of the first cause of action and their holding that the third cause of action, taken alone, does not state a cause of action for prima facie tort. I would, however, dismiss the second and third causes of action in their entirety on the authority of *State of New York v Mobil Oil Corp.* (38 NY2d 460, 5-2 decision). The complaint in *Mobil* alleged that defendant-respondent Mobil "has, through contracts, agreements, arrangements and combinations, conducted a systematic and deliberate policy of price discrimination in the sale of gasoline to its dealers, and thus to the public [by granting] discriminatory rebates (so-called 'dealer aid') to certain of its dealers within each area * * * The effects and results of the aforementioned contracts, agreements, arrangements and combinations have been and are, among others: a) To prevent many Mobil dealers from competing effectively against other Mobil dealers and dealers in other brands * * *; b) To enable Mobil to restrain competition by conducting price wars in some areas while maintaining artificially high prices in other areas, to the serious detriment of dealers and the public; c) To substantially restrain competition and trade and unduly interfere with the free exercise of activity in the conduct of business by the various Mobil dealers". As stated by Judge Gabrielli in his dissent in *Mobil (supra,* p 466): "The vital issue posed is whether allegations that a corporation substantially restrained competition and trade, unduly interfered with the free exercise of commercial activity and injured the public of this State by artificially manipulating the price of gasoline through discriminatory pricing practices, states a cause of action within the purview of the Donnelly Act (General Business Law, § 340, *et seq.).*" The majority, after reviewing the history of the Donnelly Act, observed that "never in the 80-year history of the statute has it been held that a practice of price discrimination such as that alleged here, even if it be further asserted that it had the effect of restraining trade, constitutes a violation of subdivision 1 of section 340", and concluded that "a systematic and deliberate practice of price discrimination by respondent oil company in the sale of gasoline to its dealers as alleged * * * in this case would not fall within the proscription of our State's Donnelly Act". *(State of New York v Mobil Oil Corp., supra,* pp 461-462, 465). The complaint in the case before us, even under the most liberal of constructions, does not allege more than the type of price discrimination which the *Mobil* court held inadequate to state a cause of action. Reduced to its essentials, the second cause of action alleges that defendants (not competitors of plaintiff) terminated plaintiff's profit-sharing agreement for the purpose of coercing plaintiff into participation in defendants' customer billing service and refused to offer said service to plaintiff on the same advantageous terms offered to plaintiff's competitors for the purpose of injuring plaintiff's business. Plaintiff claims that as a result thereof it has

been subjected to unfair competition in violation of section 340 of the General Business Law. Nowhere in the second cause of action is there an averment that any of the defendants' alleged activities were done for the purpose of restraining competition or establishing a monopoly. The third cause of action alleges that defendants, acting together and with "various other persons, firms, and/or corporations" attempted to coerce the plaintiff into participation in the defendants' customer billing service. This cause of action does not allege that any of the other persons or companies involved were competitors of plaintiff or that they attempted to restrain competition or to establish a monopoly. Even if the second and third causes of action are read together the complaint does not allege that defendants have entered into a contract, agreement, arrangement, or combination with *plaintiff's competitors* whereby a monopoly is or may be established or maintained or whereby competition is or may be restrained (see General Business Law, § 340, subd 1). Nor do I find in the complaint, as the majority do, the allegation that the *two defendants arranged with each other* to restrict the free exercise of plaintiff's business activity for the purpose of restraining competition. Even if so read, the actions complained of (viz., price discrimi- nation with the effect of restraining competition) would not be proscribed by the Donnelly Act. This is the very type of price discrimination alleged in the *Mobil* complaint which the Court of Appeals held insufficient. (See, also, *Hsing Chow v Union Cent. Life Ins. Co.,* 457 F Supp 1303, to the effect that a complaint, like the one at bar, which alleges only the indirect anticompeti- tive effect resulting from injury to plaintiff's business, is not actionable under the Sherman Anti-Trust Act or the Donnelly Act). Reliance on *Columbia Gas of N. Y. v New York State Elec. & Gas Corp.* (28 NY2d 117) is not appropriate. The majority in *State of New York v Mobil Oil Corp. (supra,* p 466, n 4) wrote: "We find nothing in *Columbia Gas of N. Y. v New York State Elec. & Gas Corp. [supra],* which calls for a contrary disposition. Because of the factor of utility rate regulation that case concededly did not involve price discrimination as such. The price discrimination there con- fronted was that in a particular factual setting, involving an abuse of monopoly power by a public utility within the proscription of section 65 of the Public Service Law. We do not denigrate the decision in *Columbia Gas.* We merely acknowledge that its holding does not dictate the conclusion that subdivision 1 of section 340 of the General Business Law must be stretched to embrace the nonreciprocal, unilateral practice alleged in the present case." Moreover, Judge Gabrielli in his dissent *(State of New York v Mobil Oil Corp., supra,* pp 468-469) argued that dismissal of the complaint in *Mobil* was precluded by the holding in *Columbia Gas* that "Even though the defendant's promotional activity is not illegal as a matter of law, it may still be unlawful if it can be shown to have actually restrained competition." The majority in *Mobil* rejected this argument, and I conclude that insofar as *Columbia Gas* may be said to be relevant to the case before us, it has been overruled by *Mobil.* While I agree that pleadings must be liberally con- strued (CPLR 3026), "Liberality * * * will not be used as a substitute for substance" *(Carnival Co. v Metro-Goldwyn-Mayer,* 23 AD2d 75, 77). Appeals from order of Monroe Supreme Court—dismiss complaint.) Present—Carda- mone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ.