■ INCI TERRY, Appellant, v COUNTY OF ORLEANS et al., Defendants, and GUY M. WALTERS, Individually and as Former Director of the Orleans County Community Mental Health, Mental Retardation and Alcoholism Services, Respondent. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: On September 1, 1976 appellant Inci Terry was appointed by the County of Orleans as Director of the Mental Health Clinic, succeeding respondent Guy M. Walters, M. D. She resigned from that position on September 1, 1977 and alleges that during such employment the respondents made certain slanderous remarks about her. Respondents were all public officials of the County of Orleans and were sued in their individ-

ual and respective public capacities. White as Sheriff, Klapper as Commissioner of the Department of Social Services and Walters as former Director of the Orleans County Community Mental Health, Mental Retardation and Alcoholism Services, and consultant to the Orleans County Mental Health Board. Appellant's verified complaint sets forth causes of action sounding in defamation, prima facie tort and tortious interference with business relations. She has also alleged that respondents acted with actual malice wrongfully and willfully intending to injure her reputation. The third cause of action alleging tortious interference with contract need not concern us since it was withdrawn by appellant at Special Term. Appellant filed her notice of claim with the county on September 7, 1977 and had all respondents served with a summons and complaint on November 28, 1977. To summarize the complaint, appellant alleges that slanderous statements were made by Jerim Klapper during the months of August, September and October, 1976 and on July 6, 1977; by Sheriff White during the months of August, September and October, 1976, on November 18, 1976 and on July 6, 1977; and lastly, by Dr. Walters during the months of August, September and October, 1976. The respondents made a series of motions addressed to the complaint and its sufficiency and the only answer was served by Dr. Walters. Appellant in her complaint has pleaded a valid cause of action for slander (5 Carmody-Wait 2d, NY Prac, § 29:764, p 270). It is a general rule that words are libelous which directly tend to injure or prejudice the reputation of an individual in any profession carried on by him, and are actionable without proof of special damage (34 NY Jur, Libel and Slander, § 36, pp 506-508; see *Morrison v National Broadcasting Co.,* 19 NY2d 453, 458). It is well established, however, that conduct actionable under one of the traditional tort categories, such as libel, cannot be the subject of an action for a prima facie tort *(Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069, 1070; *Long v Beneficial Fin. Co. of N. Y.,* 39 AD2d 11, 14) and no cause of action has been stated in prima facie tort since the acts complained of by appellant give rise to the defamation cause of action. Since appellant filed her notice of claim on September 7, 1977, any cause of action accruing before June 7, 1977 is barred as against the county and respondents Klapper and Walters in their official capacity (General Municipal Law, § 50-e, subd 1, par [a]; § 50-i; County Law, § 52). In order for a claim against the county or its officials to be timely a notice thereof had to be filed within 90 days of the alleged wrong and that time cannot be enlarged on a continuing course of conduct theory since a cause of action in slander accrues upon the publication of the matter complained of and each publication gives rise to a separate cause of action which does not relate back to the earlier publication (34 NY Jur, Libel and Slander, § 63; 5 Carmody-Wait 2d, NY Prac, § 29:767; see *Clark v New York Tel. Co.,* 52 AD2d 1030, affd 41 NY2d 1069, 1070, *supra).* Consequently, all causes of action arising before June 7, 1977 as to the county and respondents Klapper and Walters in their official capacities are time barred. Appellant concedes that the county is not responsible for the acts of Sheriff White (NY Const, art XIII, § 13, subd [a]), and since the action against him was commenced on November 28, 1977 all claims against him in his official capacity based upon utterances made on November 18, 1976 and during the months of August, September and October, 1976 are time barred (CPLR 215, subd 1), and since the three individual defendants were not served until November 28, 1977 they are not personally liable to appellant for alleged defamatory utterances made prior to November 28, 1976 (CPLR 215, subd 3). The only causes of action which then survive would be based upon statements allegedly made by Klapper

and White on July 6, 1977 and the county's liability for the same, if any (37 NY Jur, Master and Servant, § 166). Upon a motion to dismiss, a complaint is deemed to allege whatever can reasonably be implied from its statements and not whether the allegations can be established, considering the complaint as a whole (*Schlottman Agency v Aetna Cas. & Sur. Co.,* 70 AD2d 1041). Motions to dismiss should not be granted unless it is very clear that there can be no relief under any of the facts alleged in the pleadings. We agree with Special Term's determination that the individual defendants were not clothed with absolute privilege for their official utterances (*Stukuls v State of New York,* 42 NY2d 272) but disagree with the conclusion that the remaining defendants enjoyed a complete qualified privilege for their utterances on the authority of *Shapiro v Health Ins. Plan of Greater N. Y.* (7 NY2d 56, 60-61). The qualified privilege on which defendants rely to dismiss the remainder of plaintiff's complaint is defeated by a showing of malice (*Dougherty v Andrews,* 65 AD2d 929; see, also, *Rupert v Sellers,* 65 AD2d 473). We also point out that defendants' reliance on *Hahn v Andrello* (44 AD2d 501, affd 36 NY2d 907), is misplaced. In that case the motion was one for summary judgment and supporting affidavits were included whereas in the present case appellant had no obligation to show evidentiary facts to support her allegations of malice on a motion to dismiss a complaint. (Appeal from order of the Monroe Supreme Court—dismiss complaint.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.