OPINION OF THE COURT
Aaron E. Klein, J.
The defendant has moved, pursuant to CPLR 3211 (subd [a], par 7) for dismissal of the second cause of action in plaintiff’s amended complaint which seeks damages for alleged wrongful death of the plaintiff’s decedent. (EPTL 5-4.3.)
A review of the amended complaint reveals that the first cause of action alleges that the decedent had been treated at the defendant hospital at which the defendant, and its agents, employees and licensees failed to use the requisite skill, care and diligence concerning her treatment, and further failed to use reasonable judgment or to follow accepted customary medical, hospital practices and procedures. As a result thereof, it is contended that the decedent suffered and sustained serious and permanent injury, to *488 gether with pain and suffering, ultimately dying on May 11, 1978. . \
The second cause of action reiterates the allegations madey in the first. It goes on to plead that the plaintiff Jacob Small was the brother of the decedent, resided with her, and that she enjoyed good health, was in full possesion of her faculties, contributed her wages and earnings and other moneys for the support and maintenance of the plaintiff’s household, and did in fact perform many of the usual household duties and chores for.him. It is claimed that he is the sole distributee of the estate of the decedent, and accordingly has been damaged.
“Upon a motion to dismiss, a complaint is deemed to allege whatever can reasonably be implied from its statements — and not whether the allegations can be established —considering the complaint as a whole (4 Weinstein-KornMiller, NY Civ Prac, par 3211.36, p 32-113; Siegal, New York Practice, §265; Foley v D’Agostino, 21 AD2d 60, 65). ‘Motions to dismiss should not be granted unless it is very clear that there can be no relief under any of the facts alleged in the pleading for the relief requested or for other relief’ (Richardson v Coy, 28 AD2d 640, mot withdrawn, 21 NY2d 864).” (Schlottman Agency v Aetna Cas. & Sur. Co., 70 AD2d 1041,1041-1042.) Thus, it is this court’s duty to determine simply whether the facts as alleged fit within any cognizable legal theory. (See Rovello v Oro fino Realty Co., 40 NY2d 633.)
Here, it is alleged that Elizabeth Small performed many of the household duties which a wife would have, and additionally provided moneys for supporting the household.
The recovery in an action for wrongful death is limited to the “pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought.” (EPTL 5-4.3.) The damages are exclusively for the benefit of the decedent’s distributees (EPTL 5-4.4) who is in the present case, the decedent’s brother. (EPTL 4-1.1, subd [a], par [7].)
The courts construing wrongful death statutes have unanimously held or recognized that brothers and sisters as next of kin are entitled as members of a class of bene *489 ficiaries to share in the damages. (See Wrongful Death Statutes — Beneficiaries, Ann., 31 ALR3d 379; 2 Speiser, Recovery for Wrongful Death [2d ed], § 10:18.) Thus, it appears that the plaintiff, if he can allege pecuniary loss, can state a cause of action for wrongful death since he has standing as a beneficiary. However, it should be noted that the second cause of action alleges that plaintiff as sole distributee of the estate, has been damaged rather than the estate which is the plaintiff in this lawsuit.
In a recent case (Liff v Schildkrout, 49 NY2d 622) the court held that permanent loss of consortium cannot be claimed by a spouse as an element of damages within a wrongful death action. The court stated that the statute had (p 633) “been consistently construed by the courts as excluding recovery for grief, and loss of society, affection and conjugal fellowship — all elements of the generic phrase ‘loss of consortium’.” The plaintiff in this action, on the other hand, has alleged in the complaint that not only did the decedent contribute money to the plaintiff’s household, but also performed household duties. These services are to be contrasted with loss of consortium as the former are pecuniary in nature. (See 67 NY Jur, Wrongful Death, § 167.) In that section, it is pointed out that a recovery may be had for loss of services, although no existing legal obligation to provide them exists. It need only be shown with a reasonable expectation that those services would have been rendered. Clearly, the second cause of action in the amended complaint spells out a reasonable expectation that the de- . cedent would have continued to provide the plaintiff with services of a pecuniary nature and value. Said cause of action, therefore, alleges facts which are cognizable within an action for wrongful death, and upon which relief can be requested.
The defendant’s motion must be denied for the foregoing reasons.