ANTHONY SCACCHETTI, Appellant, v GANNETT CO., INC., Respondent. — Order and judgment unanimously reversed, without costs, motion denied and complaint reinstated. Memorandum: Plaintiff commenced a libel action as the result of a report in one of defendant's newspapers which concerned his conduct at the time of the sentencing of his brother, a former City Court Judge, who had been convicted of extortion in Federal district court. The allegedly libelous statement was as follows: "In a nearby corridor, outside U.S. District Court as court was in session, Judge Carl R. Scacchetti Jr.'s brother, Rochester Police Sgt. Anthony Scacchetti, spewed obscenities about the judge who sentenced his brother to federal prison." The complaint alleges that the publication caused

injury to plaintiff's good name and professional reputation and cast a stigma upon his standing as a police officer. The complaint further alleges actual malice in that the statement was false and maliciously published with intent to injure his reputation in his profession and expose him to public ridicule and contempt. Defendant moved to dismiss the complaint for failure to state a cause of action. Special Term, on its own motion, converted it to a motion for summary judgment and granted judgment for defendant on the basis that the statement was not defamatory as a matter of law. We disagree. In determining whether a publication is libelous per se on a summary judgment motion, "[i]t is for a court to decide in the first instance whether the writings are susceptible to the particular defamatory meaning which [a] plaintiff ascribes to them * * * In carrying out that function, the article should be read as a whole and the statements should be construed together and measured by the effect they would have on the average reader" (*Russo v Padovano,* 84 AD2d 925). Measured by these standards, the newspaper account concerning plaintiff can certainly be interpreted as subjecting him to public contempt, aversion or disgrace and tending to injure him in his profession as a law enforcement officer. The publication is thus arguably libelous per se. Once plaintiff established a prima facie case by alleging statements which were false and susceptible to a defamatory meaning, the burden shifted to defendant to establish a defense of justification or privilege to warrant judgment as a matter of law. (*Russo v Padovano, supra,* p 926.) Inasmuch as defendant did not come forward with evidentiary proof in admissible form (see *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067) summary judgment should not have been granted. In response to defendant's motion to dismiss, Special Term should have inquired "whether the pleading state[d] a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275). Because defendant's motion was to dismiss, rather than for summary judgment, plaintiff had no obligation to show evidentiary facts to support its complaint (*Terry v County of Orleans,* 72 AD2d 925, 927). (Appeal from order and judgment of Supreme Court, Monroe County, Kennedy, J. — dismiss complaint — libel action.) Present — Dillon, P. J., Simons, Hancock, Jr., Denman and Moule, JJ.