■ RICHARD J. PALMISANO, Respondent, v MODERNISMO PUBLICATIONS, LTD., et al., Appellants. — Order unanimously affirmed, without costs. Memorandum: Plaintiff sued the publisher and the distributor of a magazine which

appeals to homosexual males and alleged two causes of action. First, plaintiff alleged that defendants used his photograph without his consent for advertising purposes in violation of section 51 of the Civil Rights Law. Plaintiff also alleged libel in that the advertisement contained false and imaginary first person statements which conveyed thoughts and feelings which were not his, and knowingly conveyed the impression that plaintiff is a homosexual, which he alleged he is not. Plaintiff demanded compensatory and punitive damages on each cause of action. Special Term denied defendants' motions to dismiss for failure to state a cause of action (CPLR 3211, subd [a], par 7). We affirm, but unlike Special Term we do not find it necessary to pronounce a State-wide standard of proof in libel cases within the procedural context of a motion to dismiss. The United States Supreme Court has set an uncertain limit of proof in libel cases by holding that "so long as they do not impose liability without fault, the States may define for themselves the appropriate standard of liability for a publisher or broadcaster of defamatory falsehood injurious to a private individual" (*Gertz v Robert Welch, In.,* 418 US 323, 347). To our knowledge, no State court has decided the precise standard of fault applicable to the case at bar in which a private person has alleged libel contained in an advertisement in a magazine that is neither within the sphere of legitimate public concern nor deals with a newsworthy subject (cf. *Rupert v Sellers,* 65 AD2d 473, affd 50 NY2d 881, cert den 449 US 901; *Gaeta v New York News,* 95 AD2d 315; *Hogan v Herald Co.,* 84 AD2d 470, 475, n 3). Here plaintiff has alleged that defendants published and distributed a magazine containing defamatory representations in a malicious, wanton, reckless and careless manner without first making an investigation to ascertain the truth or falsity of the contents of the advertisement contained therein. These allegations would be sufficient to meet any predictable burden of proof be it negligence, actual malice or some intermediate degree of fault (see *Rupert v Sellers, supra;* Restatement, Torts 2d, § 580B). "Under modern pleading theory, a complaint should not be dismissed on a pleading motion so long as, when the plaintiff is given the benefit of every possible favorable inference, a cause of action exists" (*Rovello v Orofino Realty Co.,* 40 NY2d 633, 634; see, *Underpinning & Foundation Constructors v Chase Manhattan Bank,* 46 NY2d 459, 462; Siegel, NY Prac, § 265). "[P]leadings must survive a motion to dismiss so long as they give the court and the parties notice of what is intended to be proved and the material elements of each cause of action (*Foley v D'Agostino,* 21 AD2d 60; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.36)" (*Meese v Miller,* 79 AD2d 237, 244; see, also, CPLR 3013, 3016). Because defendants' motions were to dismiss, rather than for summary judgment, plaintiff had no obligation to show evidentiary facts to support the allegations in his complaint (see *Scacchetti v Gannett Co.,* 90 AD2d 985, 986). Considering the advertisement within the context of the entire magazine (see *Silsdorf v Levine,* 59 NY2d 8, 13; *Russo v Padovano,* 84 AD2d 925), plaintiff has sufficiently alleged a cause of action against both defendants for libel (*Hogan v Herald Co., supra; Nowark v Maguire,* 22 AD2d 901; Prosser, Law of Torts [4th ed], § 112, p 762) and violation of section 51 of the Civil Rights Law (see *Spahn v Julian Messner, Inc.,* 21 NY2d 124) for both compensatory damages (see *Welch v Mr. Christmas,* 57 NY2d 143; *Hogan v Herald Co., supra,* pp 480-481) and punitive damages (see *Whelehan v Yazback,* 84 AD2d 673, 674). (Appeal from order of Supreme Court, Oneida County, Stone, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.