■ MICHAEL AGUILAR, Respondent, v ANTHONY RAGUSA, JR., et al., Appellants.—Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted a preliminary injunction pursuant to section 51 of the Civil Rights Law enjoining the continued use of plaintiff's name in defendants' newspaper advertisements and advertising circulars. There is no merit to defendants' contention that plaintiff must demonstrate that his name was used as an endorsement for their products or to promote their business. It is sufficient to satisfy the "advertising purposes" prong of the statute that plaintiff's name, or a readily-identifiable likeness of his name, was used without his consent and as part of defendants' advertisements in the solicitation of patronage *(see, Flores v Mosler Safe Co.,* 7 NY2d 276, 284; *Lerman v Flynt Distrib. Co.,* 745 F2d 123, 130, *cert denied* 471 US 1054).

Also without merit is defendants' contention that the al-

leged libelous words amounted to non-actionable protected opinion. Assuming the truth of the allegations of the complaint, the average reader, viewing the words by themselves *(see, Milkovich v Lorain Journal Co.,* 497 US 1) or in the context of the entire advertisement *(see, Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 250), could reasonably conclude that some of the words imply the assertion of objective facts and could be construed in a defamatory manner *(see, James v Gannett Co.,* 40 NY2d 415, 419; *Russo v Padovano,* 84 AD2d 925, 926). Under the circumstances, Supreme Court properly denied defendants' pre-answer motion to dismiss. (Appeal from Order of Supreme Court, Erie County, Ostrowski, J.—Preliminary Injunction.) Present—Callahan, J. P., Denman, Balio, Lawton and Lowery, JJ.