[611 NYS2d 866]

JAMES M. REJENT, Respondent, v LIBERATION PUBLICATIONS, INC., Appellant.

First Department, May 12, 1994

## APPEARANCES OF COUNSEL

*Adam M. Cohen* of counsel *(Donald F. Schneider* with him on the brief; *Feltman, Karesh, Major & Farbman,* attorneys), for appellant.

*Wayne O. Alpern* of counsel *(Kornstein, Veisz & Wexler,* attorneys), for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

This appeal, from the denial of a motion to dismiss a cause of action for defamation as legally insufficient (CPLR 3211 [a] [7]), presents the issue of whether an advertisement featuring a picture of plaintiff, a professional male model, is, as he contends, reasonably susceptible of the defamatory connotation that he is "sexually lustful, promiscuous and immoral" and, if it is, whether it is defamatory per se.

Defendant Liberation Publications, Inc., is the publisher of a magazine entitled The Advocate, "The National Gay and Lesbian News magazine", a publication advocating homosexuality and featuring sexually oriented material, including sexually explicit photographs of men. Liberation also published Lust—The Body Politic (Lust), a collection of photographs of naked, sexually aroused men engaged in explicit and auto-erotic acts. Plaintiff brought this action for invasion of privacy

(Civil Rights Law §§ 50, 51) and defamation arising out of Liberation's allegedly unauthorized publication in The Advocate of plaintiff's photograph, for which he, admittedly, voluntarily posed, advertising Lust. Plaintiff's picture shows him, on a leopard skin couch, bare from the waist up, cigarette dangling from his lips, hair tousled, holding his crotch area with both hands, one atop the other. The advertisement stated:

"A PHOTO SHOWCASE FROM THE EDITORS OF THE ADVOCATE

"Lust is swirling and seething, lithe and languid, omnipresent and omnipotent.

"Lust in the 90's—tough, humorous, unrelenting and romantic.

"LUST [-] THE BODY POLITIC is 128 pages of the most exquisite color and black-and-white photographs from the world's hottest and newest photographers with an introduction by one of America's most controversial authors, Dennis Cooper. Flawlessly printed on 11 × 15 heavyweight paper, LUST—THE BODY POLITIC is the perfect gift. Order now to guarantee delivery for yourself, for a friend. LUST—when a body is much more than a work of art.

Beginning on or before October 8, 1991, plaintiff's photograph appeared in this advertisement in at least four issues of The Advocate. According to plaintiff, he never consented to this or any other commercial use of his photograph by Liberation; nor did he ever sign any written release. He alleges that he repeatedly and vigorously protested the use of his photograph but that, despite his objections, Liberation continued to publish the advertisement and commercially exploit his picture. In this action plaintiff seeks both compensatory and punitive damages based on Liberation's deliberate and repeated unauthorized use of his photograph, which, he contends, in the context of the advertisement in which it appears, is defamatory per se.

The IAS Court denied defendants' motion to dismiss both the invasion of privacy and defamation causes of action. Only the denial of the dismissal of the defamation action is appealed. We affirm.

It is, of course, the court's responsibility to determine whether a publication is susceptible of the defamatory meaning ascribed to it. (*Tracy v Newsday, Inc.,* 5 NY2d 134, 136.) A court should not strain to place a particular construction on the language complained of. (*James v Gannett Co.,* 40 NY2d 415.) By the same token "courts [should] not strain to inter-

pret [words] in their mildest and most inoffensive sense to hold them nonlibelous." *(Mencher v Chesley,* 297 NY 94, 99; *see, Schermerhorn v Rosenberg,* 73 AD2d 276, 283.)

■ The allegations of the complaint are, in our view, sufficient to state a cause of action for defamation based on the publication of plaintiff's picture in a sexually suggestive manner allegedly falsely implying that he is sexually lustful and promiscuous, that he advertises erotic photographs and that he endorses and subscribes to the sexual attitudes and views expressed in Liberation's publications.* The sexual overtones of his photograph are underscored by the text of the advertisement, which, in part, states, "Lust is swirling and seething, lithe and languid, omnipresent and omnipotent" and "LUST— when a body is much more than a work of art."

In this context, the word lust carries a negative overtone of sexual promiscuity. Given the strong implication of the language used, the suggestive nature of plaintiff's picture and the obviously provocative collection of photographs his picture was exploited to advertise, Liberation's advertisement is reasonably susceptible of the defamatory connotation that plaintiff is lustful and sexually promiscuous.

Moreover, since it is unlikely that the ordinary reader would confine his reading to the single advertisement at issue, plaintiff's picture and the accompanying advertisement must be considered within the context of the entire edition of The Advocate in which it appeared. In *Palmisano v Modernismo Publs.* (98 AD2d 953, 954), for example, the Court, in affirming the denial a motion to dismiss a defamation claim based on the publication of the plaintiff's picture in an advertisement appearing in a magazine geared to homosexuals, noted, "Considering the advertisement within the context of the entire magazine [citations omitted], plaintiff has sufficiently alleged a cause of action against both defendants for libel". *(See, also, Silsdorf v Levine,* 59 NY2d 8, 13, *cert denied* 464 US 831.)

As can be seen from the representative excerpts from The Advocate contained in the record, plaintiff's picture was surrounded by innumerable other suggestive advertisements of live sex videos, telephone sex talk, erotic devices and sexual literature. Several of the advertisements depict naked men with unzipped pants grasping their genitals and often contain

---

* The dissent points out that plaintiff posed for the photograph. While a plaintiff's consent to the publication of a photograph may immunize a defendant from liability, his consent to the taking of a photograph does not.

provocative language such as "Transvestites Transexual Cross-dressers Party Line", "HOT MEN Are Waiting To Meet You", "Tease Me *Some* & Make Me * * * *MOAN", and "Gorgeous Men Need Lovin'."* The context in which plaintiff's picture appears in The Advocate, in the midst of these other advertisements, only heightens the allegedly false and defamatory impression that plaintiff is sexually lustful and promiscuous.

In arguing that the Lust advertisement is not susceptible of a defamatory meaning, Liberation would have the court adopt a narrow interpretation of the word "lust", one that does not involve promiscuity or sexual activity, but merely a sexual "desire", "appetite", or "craving". It would have us reject any connotation of sexual excess. But Liberation, having chosen the word "lust" to convey a powerfully graphic message of heightened sexuality to its readers, cannot now redefine "lust" in a manner not in harmony with the message it was attempting to convey. If "lust" had the innocuous meaning Liberation now ascribes to it, it would not have used that word to describe its collection of "exquisite" photographs.

Of course, even if the advertisement is construed to be defamatory, plaintiff must still plead special damages unless it is found to be defamatory per se. Plaintiff has not pleaded special damages. He argues that the publication of his picture in the advertisement is defamatory per se because it carries the false implication that he is sexually lustful and promiscuous, that he participated in and consented to associate with and appear in sexually suggestive advertising in a magazine filled with other sexual advertising and that he endorses the views and conduct described therein.

Liberation argues that, even assuming the advertisement could be construed to be defamatory, the imputation of unchastity to a man is not defamatory per se. In that regard it cites, *inter alia,* Civil Rights Law § 77, which states, "In an action of slander of a woman imputing unchastity to her, it is not necessary to allege or prove special damages." The statute is, of course, inapplicable since it deals with slander; there is no comparable provision for libel. In any event, libelous words imputing sexual misconduct to a man have been held to be defamatory per se. *(See, e.g., Guccione v Hustler Mag.,* 7 Media L Rep 2077 [BNA] [Ohio Ct of App 1981] [picture of the male plaintiff depicted in an act of sodomy captioned "Bob Guccione Discovers Vaseline" held libelous per se]; *Palmisano v Modernismo Publs.,* 98 AD2d 953, *supra* [unauthorized use of male plaintiff's photograph and false and imaginary first person

statements in advertisement in magazine catering to homosexuals held libelous per se]; *Nowark v Maguire,* 22 AD2d 901 ["(y)ou are both queers", referring, in part, to the male plaintiff held slanderous per se]; *Manale v City of New Orleans,* 673 F2d 122, 125 [5th Cir 1982] [calling the male plaintiff "a little fruit" held defamatory per se].)

Moreover, the notion that while the imputation of sexual immorality to a woman is defamatory per se, but is not so with respect to a man, has no place in modern jurisprudence. Such a distinction, having its basis in a gender-based classification, would violate constitutional precepts. It is, as one commentator has noted, "quite blatantly sexist and discriminatory, and is based on outmoded assumptions about sexual behavior. Sex-based classifications very similar to the 'unchastity of a woman' rule have been struck down by the United States Supreme Court as violative of the equal protection clause. * * * The Restatement (Second) takes a laudable lead in this area, modifying the traditional rule to a sex-neutral standard that renders any imputation of 'sexual misconduct' by a man or woman slanderous per se" (Smolla, Defamation § 7.05 [5], at 7-11—7-12 [1994]; *see also,* Sack, Libel, Slander and Related Problems II.7.2, at 96 [1980]; Prosser and Keeton, Torts § 112, at 793 [5th ed 1984]). Restatement (Second) of Torts § 574 (1977) sets forth the modern formulation of the rule: "One who publishes a slander that imputes serious sexual misconduct to another is subject to liability to the other without proof of special harm."

■ Plaintiff also alleges that the advertisement is defamatory per se for two other reasons, i.e., that it injured him in his professional capacity and that it exposed him to public ridicule and contempt. These issues were never raised before the IAS Court and may not be raised for the first time on appeal. *(Recovery Consultants v Shih-Hsieh,* 141 AD2d 272, 276.)

Accordingly, the order of the Supreme Court, New York County (Willaim Davis, J.), entered February 8, 1993, denying defendant's motion to dismiss the second cause of action of the second amended complaint for failure to state a cause of action for defamation, should be affirmed, with costs and disbursements.

KUPFERMAN, J. (dissenting). I would modify to dismiss the cause of action for defamation.

While the plaintiff may well have a cause of action for

invasion of privacy under the Civil Rights Law, the alleged defamation is not substantiated. The plaintiff posed for the photograph. One need only look at it to conclude that he did not intend it to illustrate a *pater noster (see, Kerr v Kerr,* 134 App Div 141, 142).

CARRO, WALLACH and ROSS, JJ., concur with SULLIVAN, J. P.; KUPFERMAN, J., dissents in a separate opinion.

Order, Supreme Court, New York County, entered February 8, 1993, affirmed, with costs and disbursements.