BERNARD GURTOV, Plaintiff, *v.* SIMON VOLK and MAURICE A. VOLK, Doing Business under the Firm Name and Style of VOLK BROS. HAT CO., Defendants.

Municipal Court of New York, Borough of Brooklyn, Small Claims Part, February 17, 1939.

*Michael Lubatkin,* for the plaintiff.

*Lester Lurie,* for the defendants.

HARRISON C. GLORE, Official Referee.   Prior to July 15, 1938, plaintiff was employed by defendants as an examiner and shipping clerk at a weekly wage of twelve dollars for fifty working hours. After the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, §§ 201–219) was discussed by Congress and before its effective date plaintiff's wage on July 15, 1938, was increased to fifteen dollars per week for the same work and was continued at that rate to December 3, 1938, when plaintiff left the employ of the defendants.

From October 24, 1938, when the Fair Labor Standards Act went into effect, to the date of his discharge, the evidence shows that plaintiff worked forty-eight and one-half hours per week at a weekly wage of fifteen dollars.   This action is brought under the Fair Labor Standards Act for overtime figured at time and one-half for six hours per week for the six weeks intervening between October 24 and December 3, 1938.

It seems plain upon the facts of this case that the weekly compensation paid plaintiff pursuant to the agreement between them violates no provision or purpose of the act in question.   It is the method of computing and not the amount of the weekly compensation paid to and accepted by plaintiff without protest to which exception appears to be taken.

It is not reasonable to view the provision of the act under discussion as a penalty against employers who, in apparent good faith, have paid wages in excess of the amount prescribed by the act. Such employer appears to be exempt from the operation of the statute.

Subdivision (a) of section 7 provides, so far as the question here presented is concerned, as follows: " No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce — 1.  For a workweek longer than forty-four hours

during the first year from the effective date of this section, * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." (U. S. Code, tit. 29, § 207.)

Accepting the version of the situation which the evidence appears to disclose, plaintiff received compensation of one and one-half times the rate at which he was employed for the hours in excess of forty-four hours per week which he worked.

Prior to the passage of the statute plaintiff was employed at twelve dollars per week for fifty hours' work or at the rate of twenty-four cents per hour. At time and one-half for six hours in excess of forty-four hours he would be entitled to additional compensation of two dollars and sixteen cents, or a total weekly wage of fourteen dollars and sixteen cents. On the effective date of the statute he was entitled to a minimum rate of twenty-five cents per hour for a forty-four hour week, or eleven dollars per week plus time and one-half overtime, or thirty-seven and one-half cents for each hour he worked, amounting for the six hours claimed to two dollars and twenty-five cents.

It is defendants' contention, as I understand it, that, anticipating the effective date of the statute and in order to comply with its provisions, plaintiff's compensation was increased to fifteen dollars per week.

Obviously, if such increase were effective as of October twenty-fourth instead of July seventh, the question here presented could not arise. The effect would have been to deprive plaintiff of the benefits accruing to him during the interval.

Judgment, accordingly, is rendered for defendants, dismissing the complaint.