# (December 12, 1966)

■ ROSLYN CABIN, Appellant-Respondent, v. COMMUNITY NEWSPAPERS, INC., et al., Respondents-Appellants.— Order of the Supreme Court, Nassau County, dated June 8, 1966, affirmed, insofar as appealed from by the respective parties, without costs. The time to serve an amended complaint is extended until 20 days after entry of the order hereon. The action is to recover damages by reason of certain allegedly libelous articles published in the *Great Neck Record*, a newspaper published and circulated in and about the school district within the jurisdiction of the Great Neck Board of Education, of which board plaintiff was a member. The thrust of the articles is that a member of the board prevailed upon a named teacher to upgrade the marks of that board member's son, who was a student in said teacher's mathematics class. This conduct, the articles charged, resulted in the forced resignation of the teacher. The articles, *inter alia*, quoted a resident as calling for the resignation of the board member and indicating concern that mark-tampering has become a common practice. The articles further urged that the board vote a clear-cut declaration regarding "negotiable marking". Defendants moved to dismiss the complaint for insufficiency, claiming that (a) the articles are within the purview of qualifiedly privileged comment, requiring an allegation of actual malice and (b) the articles are not libelous per se and refer to a single incident within the purview of the single instance rule, thereby requiring an allegation of special damage. Special Term dismissed the complaint with leave to replead so as to allege actual malice. Plaintiff appealed. Defendants cross-appealed from the limited dismissal. In our opinion, the alleged defamation involves a matter of public concern precipitated by the use of one's official position and is within the periphery of that area of qualifiedly privileged comment, despite

the fact that such conduct was designed to achieve a personal benefit (*New York Times Co.* v. *Sullivan*, 376 U. S. 254; *Gilberg* v. *Goffi*, 21 A D 2d 517, affd. 15 N Y 2d 1023). This mandates an allegation that the defamatory statements were made with actual malice, as defined in the *New York Times* case, i.e., "with knowledge that it was false or with reckless (p. 280) disregard of whether it was false or not." It may be that a liberal construction of the latter part of plaintiff's allegation in paragraph "7" of the complaint may justify a conclusion of a borderline compliance with the requisite allegation of actual malice. We are, nevertheless, of the opinion that, in view of the composite context in which it was used in one paragraph, following an allegation cast in negligence and an allegation of the propriety of plaintiff's conduct as a parent, the provision that plaintiff may replead, so that she may conform more accurately to the requisite allegation of actual malice, as defined in the *New York Times* case, was proper. We are also of the opinion that the defamatory statements as alleged in the complaint are libelous per se. Further, we construe the conduct maligned as not being within the single instance rule, in accordance with the reasoning of Special Term. Hence, an allegation of special damage, by reason of any of the foregoing, is not required. We are further of the opinion that the posture of the case does not justify a summary disposition of the factual issue as to whether the allegedly libelous articles were of and concerning plaintiff. They refer to a named teacher of a specific mathematics class in a specific school, attended by a son of one of six named members of the board. From the foregoing, together with the fact that the publications were circulated in a local community, it may not be reasonably urged that the articles so clearly eliminate plaintiff from the reach of the alleged libel as to warrant depriving plaintiff of the opportunity to adduce such evidence of surrounding circumstances and relevant facts as may contribute toward a determination of this factual issue. Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur. [50 Misc 2d 574.]