Frank R. Bayger, J.
This is an appeal from an order of the City Court of Buffalo, made and entered February 22, 1973, signed by Judge Egbert A. Burrell, wherein an order was granted dismissing the pending action above entitled.
On January 19, 1972, the defendant-respondent sued the plaintiff-appellant in the Buffalo City Court, Small Claims Part, for property damages incurred as a result of an accident which occurred on November 9,1971, on Sheridan Drive, near the intersection of Logan Street, in the Town of Tonawanda, New York. No counterclaim was interposed and judgment was rendered in favor of Irene Ahrens in the amount of $135.18 against Jean E. Czora, plaintiff-appellant herein. The above-captioned City Court action was dismissed by a Judge of the City Court of Buffalo, upon the ground that the facts leading to this cause of action are identical to those before the Small Claims Court on January 22, 1972, wherein the defendant in this action was awarded damages against the plaintiff in the instant action.
Section 1808 of the Uniform City Court Act reads as follows:
“ A judgment obtained under this article may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein in any other action or court.”
The New York City Civil Court Act has a similar provision. There have been several cases decided in that court which have a bearing on the point of law involved in this case. On December 7,1967, a Judge of that court held, in a case entitled, Roland Meledandori, Inc. v. Kirtz that a small claims court adjudication was binding only as to the sum and that a claim brought by the defendant in another part of court would be adjudicated without the question of res judicata. This is to be contrasted with a situation where plaintiff sues in small claims and loses and then turns around and sues for the same thing in the regular part of court. In the latter instance the small claims adjudication has been held to bar the second suit. (See Rosen v. Parking Garage, 40 Misc 2d 178.)
The commentary in McKinney’s Consolidated Laws of New York (Book 29A, Judiciary Law, CCA, § 1808) reads as follows:
‘ ‘ There is something conceptually uncomfortable about the result in Boland. In action one (the Small Claims), P was found at fault in the transaction: In the second action, D was found at fault in the same transaction. Yet the one did not bind the *603 other. Theoretical discomfort here is attributable to the statute, not to the case, however. The statute seeks to establish the most summary kind of procedure for claims under $300, iso as to save all parties concerned the expense of an ordinary litigation, while preventing the adjudication from having any impact beyond the specific sum involved in the Small Claim. It apparently assumes that the great majority of Small Claims actions will involve the situation in which P has a claim against D and D has none at all against P (so that D would not be expected to turn around and sue P, on an affirmative cause of action after losing to P in the Small Claims action). Such was apparently the situation involved in Rosen, for which reason res judicata was applied to prevent plaintiffs from utterly frustrating the Small Claims part, whose jurisdiction they invoked, by ignoring their loss on the merits and seeking a fresh start in the regular part of the court.
‘ ‘ Where, however, D does have a claim against P arising out of the same transaction, a situation which CCA 1808 guards against appears to be at hand, with the result that the P v. D adjudication in the Small Claims part does not bind in the D v. P suit later in the regular part of the court.
‘1 As happens so frequently in procedure, theoretical perfection is deferred to practical necessity. ’5
Furthermore, it might be pointed out that in the instant case because Jean R. Czora collected for her property damage under the collision portion of her insurance policy, her insurance carrier became subrogated to her cause of action. Accordingly, a counterclaim was not permitted under section 1809 of the "Uniform City Court Act.
The Appellate Division, First Department of the Supreme Court, said in Stern v. Hausberg (22 A D 2d 669), the judgment obtained by the defendant in the Small Claims Part of the Civil Court, whereby he recovered a fee for the same root canal work involved herein, is not a bar to the claim that the root canal work was negligently done. Whereas res judicata would ordinarily apply in these circumstances, section 1808 of the New York City Civil Court Act provides that a judgment “ may be pleaded as res judicata only as to the amount involved in the particular action and shall not otherwise be deemed an adjudication of any fact at issue or found therein
Therefore, this court reverses the order of a Judge of the City Court of Buffalo dismissing the action above entitled. The case is remitted to the City Court of Buffalo for further action in accordance with this memorandum.