■ JAMES WHELEHAN, Respondent-Appellant, v ANTHONY YAZBACK, Appellant-Respondent. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: This appeal involves a cause of action based upon defamation brought by plaintiff James Whelehan against defendant employee of the Monroe County Sheriff's Department, Anthony Yazback. In early 1980 the Sheriff's Department determined that there were insufficient grounds to arrest plaintiff on the charge of sexual abuse of his daughter. During this time, however, defendant, chief of the Criminal Investigation Division of the Monroe County Sheriff's Department, made several phone calls to plaintiff's employer. In the course of these conversations, defendant told the employer the nature of the investigation of plaintiff; that he was sure of his facts; and that the Sheriff's Department was going to "move in" on plaintiff. On June 6, 1980 plaintiff commenced an action against defendant alleging that defendant had, with malice aforethought, communicated to plaintiff's employer, and similarly to other persons, that plaintiff had sexually abused his daughter and had inserted such statements in the record files of various governmental agencies, resulting in damages to his reputation in the amount of two million dollars. On October 31, 1981 defendant moved for summary judgment. He based this motion on, among other things, absolute immunity, qualified privilege and failure to state a cause of action. Plaintiff cross-moved for summary judgment as to liability and to dismiss defendant's affirmative defenses. Plaintiff and defendant both appeal from an order of Special Term which disposed of defendant's motion for summary judgment and plaintiff's cross motion. The court, *inter alia,* denied defendant's motion to dismiss on the grounds of absolute immunity and granted plaintiff's motion to dismiss the affirmative defense of absolute immunity; denied defendant's motion to dismiss the action on the grounds of qualified privilege and also denied plaintiff's motion to dismiss the affirmative defense of qualified privilege; granted defendant's motion to dismiss the complaint for failure to state a cause of action but allowed plaintiff to serve an amended complaint specifying acts of malice; and denied defendant's oral motion to submit additional affidavits to allege questions of fact pertaining to plaintiff's cross motion for summary judgment. Defendant's motion to dismiss the action based upon absolute immunity was properly denied and plaintiff's motion to strike that defense properly granted. Defendant, as chief of detectives and chief of the Criminal Investigation Division of the Monroe County Sheriff's Department, is not a principal executive of State or local government nor is he entrusted by law with administrative or executive policy-making responsibilities of considerable dimension *(Stukuls v State of New York,* 42 NY2d 272; *Terry v County of Orleans,* 72 AD2d 925). Furthermore, defendant's motion for summary judgment based on qualified privilege and plaintiff's motion to strike this defense were properly denied since qualified privilege is a defense to be pleaded and proved *(Duffy v Kipers,* 26 AD2d 127) and questions of fact exist as to its applicability here. Qualified privilege is available to any person who has a legitimate interest in communicating when his communication is made to a person with a corresponding interest *(Stukuls v State of New*

*York, supra)*. Once the defendant proves he is entitled to this privilege, the action for defamation is barred unless plaintiff can establish that the communication was actuated by malice, defined as personal spite or ill will, or culpable recklessness or negligence (see *Stukuls v State of New York, supra; Shapiro v Health Ins. Plan of Greater N.Y.,* 7 NY2d 56). Furthermore, the question of malice will be submitted to the jury only if plaintiff presents sufficient evidence of malice *(Shapiro v Health Ins. Plan of Greater N.Y., supra)*. However, defendant's motion to dismiss the complaint for failure to state a cause of action should have been denied. Plaintiff's pleading of "malice aforethought" is sufficient to avoid dismissal in view of the fact that qualified privilege is an affirmative defense to be pleaded and proved by defendant *(Teichner v Bellan,* 7 AD2d 247) and that, when malice is required to be pleaded, conclusory allegations of malice have been held sufficient (see *Cabin v Community Newspapers,* 50 Misc 2d 574, affd 27 AD2d 543). We have reviewed plaintiff's and defendant's other contentions and find them to be without merit. Accordingly, the court's order should be modified so as to let the complaint stand. (Appeals from order of Monroe Supreme Court, Boehm, J. — summary judgment.) Present — Dillon, P. J., Simons, Callahan, Denman and Moule, JJ.