Carmine L. ELMORE, Jr., Plaintiff,

v.

SHELL OIL COMPANY, Larry Whittaker, Carl Masquardsen and John Kessler, Defendants.

No. 87 CV 0366.

United States District Court, E.D. New York.

May 5, 1988.

Schlachter & Mauro (David Schlachter, of counsel), Commack, N.Y., for plaintiff.

Wildman, Harrold, Allen, Dixon & Smith, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendants move this Court for an order to dismiss the second, third and fourth claims pursuant to Fed.R.Civ.P. 12(b)(6). The Court, treating the motion as one for partial summary judgment pursuant to Fed.R.Civ.P. 56, ordered the parties to submit supplemental motion papers. *See* Fed. R.Civ.P. 12(b). For the reasons set forth below, defendants' motion is denied.

## FACTS

Plaintiff brings this action alleging his discharge from the employ of defendant Shell Oil Company ("Shell Oil") was racially motivated in violation of 42 U.S.C. § 1981. In his second, third and fourth claims, plaintiff alleges defamation in connection with the discharge. These three claims form the basis of defendants' motion for partial summary judgment.

Plaintiff, a black male, was employed as a territory manager for Shell Oil from January 1973 until his discharge in February 1986. His territory included Nassau and Suffolk Counties in New York. During 1986, Shell Oil conducted an investigation into possible violations of Shell Oil policies in the New York Retail Sales District.

On February 13, 1986, a meeting was called to discuss these violations. Present at the meeting were defendant Larry Whittaker, who was the district manager for the New York Retail Sales District in 1986, defendant Carl Masquardsen, supervisor of investigations of Shell Oil Corporate Security, defendant John T. Kessler, a representative of Corporate Security, and plaintiff.

During the meeting, plaintiff was advised that information had been received that he had accepted large cash gifts from Shell Oil dealers. Acceptance of these gifts is a violation of Shell Oil's policies. Specifically, plaintiff alleges that defendants Masquardsen and Kessler stated to plaintiff: "We know you have taken money from dealers." Defendant Whittaker allegedly told plaintiff: "We got you, son," and then stated in substance that plaintiff had wrongfully taken money from dealers. These statements form the basis of plaintiff's second claim. Defendants allegedly told plaintiff that the matter would be in-

vestigated further. The following day, plaintiff was fired.

In March 1986, Whittaker met with various Shell Oil dealers to discuss problems in the district. Only Shell Oil employees and dealers were present at the meeting. Whittaker allegedly told those present that "we have gotten rid of a cancer." Although Whittaker never mentioned plaintiff by name, plaintiff alleges that Whittaker meant, and was understood by those who heard the statement to mean, that plaintiff had been fired by Shell Oil for wrongdoing. This statement forms the basis for plaintiff's third claim.

Plaintiff's fourth claim alleges that he was compelled to republish the statements that were made by the defendants at the February 16, 1986 meeting to prospective employers, and as a result, he was hindered in his search for employment.

## DISCUSSION

Summary judgment is appropriate " 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' " *Daniel P. Foster, P.C. v. Turner Broadcasting System,* 844 F.2d 955, 959 (2d Cir.1988) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).

Defendants claim that they are entitled to summary judgment as a matter of law inasmuch as each of the statements is entitled to qualified privilege.

■ Defendants also argue that as a matter of law plaintiff cannot recover on his fourth claim. The general rule states that if plaintiff in a defamation action voluntarily republishes the actionable statement, the defendant is not held accountable for the damages thereby caused. *See Weidman v. Ketcham,* 278 N.Y. 129, 133, 15 N.E.2d 426, 428 (1938); *Horowitz v. Weidenmiller,* 53 N.Y.S.2d 379, 390 (Sup. Ct.N.Y.Co.1945); *Shepard v. Lamphier,* 84 Misc. 498, 503, 146 N.Y.S. 745, 748 (Sup.Ct. Erie Co.1914); *Galligan v. Kelly,* 31 N.Y.S. 561, 563 (Sup.Ct.N.Y.Co.1894).

■ Although New York courts have not addressed the issue, there appears to be a growing trend in other jurisdictions to make an exception to this rule where "the originator of the defamatory statement has reason to believe that the person will be under strong compulsion to disclose the contents of the defamatory statement to a third person." *McKinney v. County of Santa Clara,* 110 Cal.App.3d 787, 796, 168 Cal.Rptr. 89, 93–94 (1st Dist.1980); *see Colonial Stores, Inc. v. Barrett,* 73 Ga.App. 839, 840, 38 S.E.2d 306, 307 (1946); *Belcher v. Little,* 315 N.W.2d 734, 738 (Iowa 1982); *Grist v. Upjohn Co.,* 16 Mich.App. 452, 485, 168 N.W.2d 389, 406 (1969); *Lewis v. Equitable Life Assurance Society,* 389 N.W.2d 876, 888 (Minn.1986); *Bretz v. Mayer,* 1 Ohio Misc. 59, 203 N.E.2d 665, 669 (Ct.Common Plea 1963); *First State Bank v. Ake,* 606 S.W.2d 696, 701 (Tex.Civ. App.1980). The exception is justified, particularly in cases where the plaintiff seeks new employment after being discharged for alleged wrongdoing, because there exists a causal connection between the making of the statement and the compelled repetition. *See Lewis, supra,* 361 N.W.2d at 881. Plaintiff's ability to fabricate a story to prospective employers about the circumstances surrounding his discharge is simply not a viable alternative. *See id.* Since plaintiff was in the employ of Shell Oil for a substantial period, he was compelled to repeat the alleged slander to explain his sudden departure. Accordingly, I find that plaintiff has stated a claim for defamation.

However, plaintiff does not dispute the existence of a qualified privilege with respect to the allegations contained in both his fourth and his second claims. Qualified privilege attaches to otherwise actionable defamatory words when "[a] communication [is] made *bona fide* upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty ... if made to a person having a corresponding interest or duty." *Shapiro v. Health Ins. Plan,* 7 N.Y.2d 56, 60, 194 N.Y.S.2d 509, 512, 163 N.E.2d 333, 335 (1959). To defeat the privilege, plaintiff

must prove "malice, ill will, personal spite, or culpable recklessness or negligence." *LaScala v. D'Angelo*, 104 A.D.2d 930, 931, 480 N.Y.S.2d 546, 547 (2d Dep't 1984).

■ Plaintiff argues that he has alleged facts sufficient to establish malice precluding summary judgment. In the alternative, he argues that if he has not sufficiently established malice, summary judgment should be denied as premature because discovery has not yet commenced. Assuming, *arguendo*, that the facts insufficiently establish malice, plaintiff should be given an opportunity to gather evidence that may overcome the qualified privilege. *See Baldwin v. Shell Oil Co.*, 71 A.D.2d 907, 910, 419 N.Y.S.2d 752, 756 (2d Dep't 1979). Accordingly, summary judgment against plaintiff's second and fourth claims is inappropriate.

Plaintiff challenges defendant's assertion of qualified privilege with respect to plaintiff's third claim, which involves statements made in March 1986 by defendant Whittaker to Shell Oil dealers. Defendant argues that the statement is protected by a qualified privilege because the defendants and the audience shared a common economic or business interest.

■ Qualified privilege, however, is a defense that must be pleaded and proved by the defendant. *See Ostrowe v. Lee*, 256 N.Y. 36, 41, 175 N.E. 505 (1931); *Whelehan v. Yazback*, 84 A.D.2d 673, 674, 446 N.Y. S.2d 626, 627 (4th Dep't 1981); *Mink Hollow Development Corp. v. State of New York*, 87 Misc.2d 61, 65–66, 384 N.Y.S.2d 373, 377 (Ct.Claims 1976). The only competent evidence submitted by the defendants tending to prove the existence of a qualified privilege is an affidavit from defendant Whittaker that reads in pertinent part:

> During March 1986 I met with various Shell dealers. The purpose of the meeting was to discuss business problems in the district. During the meeting I did not mention Elmore although I may have told the dealers that problems in the area had been corrected. I do not remember saying, "we have gotten rid of a cancer." The only persons present at the meeting were Shell employees and Shell dealers.

I find that this statement alone is an insufficient basis upon which to conclude that defendants are entitled to a qualified privilege as a matter of law. First, there exists a question of fact with respect to whether the statement "we have gotten rid of a cancer" was made at all. Second, defendants have failed to prove that any statement made to Shell Oil dealers about plaintiff or plaintiff's termination was "essential" and prompted by "some sort of duty, be it only moral or social." *Posa, Inc. v. Miller Brewing Co.*, 642 F.Supp. 1198, 1207 (E.D.N.Y.1986). Having concluded that defendants failed to prove their entitlement of a qualified privilege, the issue whether plaintiff has demonstrated malice sufficient to overcome the privilege is premature.

## CONCLUSION

Accordingly, defendant's motion for partial summary judgment is denied in all respects.

SO ORDERED.