Stephen A. CHRZANOWSKI, DeAnna Dominiak, Elizabeth Zolte Honig, Nancy E. Riester and Shannon C. Riester, Plaintiffs,

v.

Gary LICHTMAN and Gary Pontiac, Inc., Defendants.

No. 94–CV–316A.

United States District Court, W.D. New York.

March 20, 1995.

Thomas S. Gill, Thomas F. Knabb, Buffalo, NY, for plaintiffs Stephen A. Chrzanowski, DeAnna Dominiak, Nancy E. Riester, and Shannon C. Riester Saperston & Day, P.C.

William A. Price, Buffalo, NY, for plaintiff Elizabeth Zolte Honig.

Patricia G. Griffith, M. Elizabeth Ortega, Atlanta, GA, for defendants.

## DECISION AND ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman on June 7, 1994, pursuant to 28 U.S.C. § 636(b)(1). On October 26, 1994, Magistrate Judge Heckman filed a Decision and Order denying plaintiff Nancy E. Riester's motion for a protective

order. Plaintiff Nancy E. Riester appealed this Order on November 10, 1994.

On December 15, 1994, Magistrate Judge Heckman filed a Report and Recommendation recommending granting defendants' motion to dismiss plaintiff Chrzanowski's claim for defamation; plaintiffs' claims for negligent employment and negligent infliction of emotional distress; and plaintiff Dominiak's claim for overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Plaintiffs Chrzanowski, Dominiak, Nancy E. Riester and Shannon C. Riester filed objections to the Report and Recommendation on December 23, 1994.

The Court heard argument on January 31, 1995.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the district court "may reconsider any pretrial matter under this subparagraph (A), where it has been shown that the magistrate's order is clearly erroneous or contrary to law." *Id.*

Having carefully reviewed Magistrate Judge Heckman's Decision and Order and the submissions of the parties, and after hearing argument from counsel, the Court finds that the October 26, 1994 Decision and Order was neither clearly erroneous or contrary to law.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation and of the record, and after reviewing the submissions and hearing argument, the Court adopts the proposed findings of the Report and Recommendation.

Accordingly for the reasons set forth in Magistrate Judge Heckman's Decision and Order, the Court affirms the October 26, 1994 Decision and Order.

For the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, plaintiff Chrzanowski's claim for defamation is DISMISSED; plaintiffs' claims for negligent employment and negligent infliction of emotional distress are DISMISSED; and plaintiff Dominiak's claim for overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* is DISMISSED.

IT IS ORDERED that this matter is referred back to Magistrate Judge Heckman for further proceedings.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). Presently before the court is defendants' motion under Rule 12(b)(6) to dismiss four claims asserted in the complaint for failure to state a claim. In the alternative, defendants' request that this court treat their motion as one for summary judgment pursuant to Rule 56.

For the reasons set forth below, defendants' motion to dismiss should be granted as to all four claims.

### *BACKGROUND*

■ In order to make a determination on defendants' motion to dismiss under Rule 12(b)(6), this court must accept as true the facts alleged by the non-moving party. Accordingly, the following summary of facts is adopted from plaintiffs' complaint.

The plaintiffs, all former employees of the defendants', filed their complaint against Gary Litchman ("Litchman") and Gary's Pontiac, Inc. ("Gary's Pontiac") alleging that defendants, through Litchman, engaged in a pattern and practice of sexually harassing female employees. This practice included sexually touching female employees, making sexually suggestive remarks to female employees, and requesting or demanding sexual favors from female employees.

In addition, plaintiffs' claim that Litchman invited female employees to use a bathroom adjacent to his office where he had installed a television camera which permitted him to view those employees in the restroom. Plaintiff Stephen Chrzanowski was informed by a female employee about the hidden camera. Plaintiff Chrzanowski states that, shortly after he was told about the camera,

he walked through defendant Litchman's office, which he asserts was open and unlocked, to the restroom to investigate. He discovered the video camera. Plaintiff observed that the camera was pointed toward the toilet and that it was hooked up to a monitor on Litchman's desk. He reported his discovery to Evelyn Shank, Gary Pontiac's office manager, and Max Ruben, the finance manager, and asked them to help him remedy the situation. Shortly thereafter, defendant Litchman terminated Chrzanowski's employment in retaliation for that report.

The plaintiffs have pleaded claims for sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq., the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the New York Human Rights Law, the New York Executive Law § 290 et seq., and the New York Civil Rights Law § 40(c).

Defendants move to dismiss the following claims:

1. Plaintiff Chrzanowski's claim for defamation,
2. Plaintiffs' claims for negligent employment, and negligent infliction of emotional distress, and
3. Plaintiff Dominiak's claim for overtime wages under the Fair Labor Standards Act.

For the reasons set forth below, it is recommended that defendants' motion to dismiss these claims be granted.

### DISCUSSION

■ In determining a motion to dismiss under Rule 12(b)(6), the court must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. 2A MOORE'S FEDERAL PRACTICE ¶ 12.07[2.-5], p. 12–63 (2d ed. 1992); Miree v. DeKalb County, GA., 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. 2A Moore's, supra, at pp. 12–63 through 12–64; Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck, 463 F.2d 620 (2d Cir.1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973). The complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (quoted in Cortec Industries, Inc. v. Sum Holding. L.P., 949 F.2d 42, 47 (2d Cir.1991), cert. denied sub nom. Cortec Ind., Inc. v. Westinghouse Credit Corp., 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992)).

### I. Plaintiff Chrzanowski's Claim for Defamation

Plaintiff Stephen Chrzanowski has asserted a claim for defamation on the theory of "compelled self-publication". Plaintiff asserts that at the time he was fired, defendant Litchman did not offer a reason for his termination. However, at an unemployment hearing held on January 24, 1994 concerning Shannon Riester, Litchman surmised that Chrzanowski hooked up the camera:

If the camera became hooked up, ... it is in my private office a private bathroom that's always locked ... [Chrzanowski] ... had to break in.... If that camera was hooked up, [Chrzanowski] hooked up the camera, because the camera had never been hooked up before (Item 1 at ¶ 66).

Chrzanowski argues that when he applies for other employment, he must tell prospective employers that his former employer accused him of breaking into his private office and hooking up a video camera in his private restroom. Plaintiff further states that these allegations are false and malicious.

■ In order to be defamatory, the statement made must be published to a third person. As a general rule, "there is no publication if the defamatory statement is exposed to a third party by the person claiming to be defamed." Church of Scientology of California, Inc. v. Green, 354 F.Supp. 800, 804 (S.D.N.Y.1973) (citations omitted). Compelled self-publication is an emerging exception to this general rule, whereby the person who originally made the defamatory statement may be held liable if the defamed person is compelled to publish the statement to a third party. Mendoza v. SSC & B Lintas,

*New York,* 799 F.Supp. 1502, 1512 (S.D.N.Y. 1992).

The New York Courts have not yet addressed the availability of this exception under New York law. Several federal district courts in New York have considered this issue. The Southern District has addressed this issue on four separate occasions and has declined to recognize this exception "in the absence of any indication by the New York courts on this matter." *Id.; J. Crew Group, Inc. v. Griffin,* 1990 WL 193918 (S.D.N.Y. 1990); *Mandelblatt v. Perelman,* 683 F.Supp. 379, 386 (S.D.N.Y.1988); *Burger v. Health Ins. Plan of Greater New York,* 684 F.Supp. 46, 52 (S.D.N.Y.1988).

Both the Western and the Eastern Districts have recognized this exception. *Weldy v. Piedmont Airlines,* 1989 WL 158342 (W.D.N.Y. Dec. 22, 1989) (Elfvin, J.); *Elmore v. Shell Oil Co.,* 733 F.Supp. 544, 546 (E.D.N.Y.1988). In *Weldy,* the defendant had fired plaintiff for the stated reason that plaintiff had committed an aggravated assault. Plaintiff maintained that the statement was false and sued defendant for defamation under a theory of compelled self-publication because he felt he had no choice but to tell prospective employers that the reason he had been fired by his last employer was aggravated assault. The district court stated:

> The direction of modern authority is plainly toward the recognition of a claim for compelled self-defamation. Indeed, it appears that every court which has considered the question on its merits has adopted the doctrine. This is because such doctrine is in no respect a radical departure from conventional principles of tort law.

*Id.* at *6. In order to establish a claim of compelled self-publication, a party must show "compulsion upon plaintiff to republish and the foreseeability of such to the defendant." *Id.* *4.

■ The complaint in this case does not state a claim under the standard articulated by Judge Elfvin in *Weldy v. Piedmont Airlines, supra.* First and foremost, the defam-

atory statement was not made in the context of plaintiff's termination. To the contrary, and in contrast to the plaintiffs in both *Weldy* and *Elmore,* Chrzanowski was not given a reason for his termination. The statement complained of was made five months after Chrzanowski's termination at another employee's unemployment hearing. Second, the statement was not offered as a reason for Chrzanowski's termination. Third, there is no compulsion upon plaintiff to republish what transpired at Shannon Riester's unemployment compensation hearing. Finally, Lichtman could not have foreseen any compulsion on Chrzanowski's part to repeat his statement from Riester's unemployment hearing.

■ The self-publication exception is grounded in the principle of proximate cause. As the court stated in *Elmore v. Shell Oil Co., supra,* 733 F.Supp. at 546 (emphasis added):

> The exception is justified, particularly in cases where the plaintiff seeks new employment after being discharged for alleged wrongdoing, *because there exists a causal connection between the making of the statement and the compelled repetition.*

The defamatory statements in both *Elmore,* and *Weldy* were offered by the defendants as the reason for the employee's termination. Here, plaintiff Chrzanowski cannot establish that the statements made by Litchman at the hearing were the reason for his dismissal, or that he had no other choice but to reiterate the statement to prospective employers.

Accordingly, defendant's motion to dismiss the defamation claim should be granted.

## II. Claims for Negligent Hiring and Negligent Infliction of Emotional Distress

Defendants' have moved to dismiss plaintiffs' claims for negligent employment and negligent infliction of emotional distress, stating that these claims are barred by the Workers' Compensation Law.[1]

---

1. Defendants also argue that plaintiffs' complaint does not set forth allegations sufficient to state a

claim for negligent hiring under New York com-

It is well-settled that claims for accidental injuries arising out of employment are governed exclusively by the Worker's Compensation Law. *O'Brien v. King World Productions, Inc.,* 669 F.Supp. 639, 641 (S.D.N.Y.1987); N.Y.Work.Comp.Law §§ 10 & 11 (McKinney 1992). It is equally clear that the exclusivity provision of the Workers' Compensation statute does not apply to intentional torts or wrongs. *Lavin v. Goldberg Bldg. Material Corp.,* 274 A.D. 690, 87 N.Y.S.2d 90, 93 (1949) ("It would be abhorrent to our sense of justice to hold that an employer may [commit intentional wrongs] and then compel the injured workman to accept the meager allowance provided by the Workmen's Compensation Law").

Plaintiffs argue that their claims fall under the intentional tort or wrong exception. However, the claims at issue are pled in terms of negligence, not intentional wrong. It is noteworthy that defendants have not moved to dismiss the claim for intentional infliction of mental distress.

The negligence claims are clearly barred by the exclusivity provision. *Burlew v. American Mutual Ins. Co.,* 63 N.Y.2d 412, 482 N.Y.S.2d 720, 472 N.E.2d 682 (1984) (claim for negligent infliction of emotional distress barred by the Workers' Compensation statute but claim for intentional infliction of emotional distress not barred); *Cusack v. Detroit Tigers Baseball Club, Inc.,* 1991 WL 330772 (N.D.N.Y. Aug. 8, 1991), *aff'd* 956 F.2d 27 (2d Cir.1992); *O'Brien v. King World Productions, Inc., supra.*

Accordingly, defendants' motion to dismiss the negligence claims should be granted.

### III. Plaintiff Dominiak's Claim Under the Fair Labor Standards Act

Plaintiff DeAnna Dominiak has asserted a claim for overtime wages under the Fair Labor Standards Act. Defendants argue that this claim is barred by collateral estoppel or res judicata because Dominiak has already lost her claim in the Buffalo City Court, Small Claims Part.

In support of their motion to dismiss, defendants have submitted the Application for Small Claims filed by plaintiff Dominiak and the Certificate of Disposition of Judgment entered in Buffalo City Court, Small Claims Part (Item 10, exhibits A & B). The court takes judicial notice of the application and judgment in Small Claims Court in order to evaluate defendants Rule 12(b)(6) motion. *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir.1991).

Plaintiff Dominiak contends that Buffalo City Court, Small Claims Part did not have jurisdiction over her claim. This argument has no merit. The Uniform City Court Act states that such courts have jurisdiction over "any cause of action for money not in excess of two thousand dollars." N.Y.U.C.C.A. § 1801 (McKinney 1989).[2] Plaintiff's application to Small Claims Court asks for damages in the amount of $2,000.00, which represents the overtime wages she claims she is owed. Thus, it is clear that plaintiff's claim was within the monetary limitation of the court. A claim arising under the Fair Labor Standards Act may be brought to Small Claims Court. *See, e.g., Gurtov v. Volk, et. al.,* 170 Misc. 322, 11 N.Y.S.2d 604 (N.Y.Mun.Ct.1939).

Res judicata or claim preclusion prevents relitigation of prior causes of action on the basis that the claims were or should have been raised in the initial action. *Index Fund, Inc. v. Hagopian,* 677 F.Supp. 710, 715 (S.D.N.Y.1987) (citing *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)); *see also Amalgamated Sugar Co. v. NL Industries, Inc.,* 825 F.2d 634 (2d Cir.), *cert. denied,* 484 U.S. 992, 108 S.Ct. 511, 98 L.Ed.2d 511 (1987). Two lawsuits are based on the same claim if a "different judgment in the [later action] would destroy or impair rights or interests established by the [earlier action]." *Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.,* 250 N.Y. 304, 307, 165 N.E. 456 (1929)

---

mon law. Plaintiffs have alleged facts sufficient to state such a cause of action.

**2.** The monetary limitation of the Small Claims Part was raised from $2000.00 to $3000.00 in August of 1994. *See* N.Y.U.C.C.A. § 1801 (Supp. 1995).

*quoted in Winters v. Lavine,* 574 F.2d 46, 56 (2d Cir.1978). "Thus, whatever legal theory is advanced, when the factual predicate upon which the claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata." Berlitz Schools of Languages of America, Inc. v. Everest House,* 619 F.2d 211, 215 (2d Cir. 1980).

The Uniform City Court Act provides that a judgment obtained in Small Claims Court "may be pleaded as *res judicata* only as to the amount involved in the particular action and shall not be otherwise deemed an adjudication of any fact at issue or found therein in any other action or court." N.Y.U.C.C.A. § 1808 (McKinney 1989). The New York courts, interpreting this statute, have held that a claim brought to and decided in small claims court will be given *res judicata* effect where the party who was adversely effected by the prior judgment seeks to relitigate the exact same claim in subsequent proceedings. *Supreme Burglar Alarm Corp. v. Mason,* 204 Misc. 185, 122 N.Y.S.2d 398 (N.Y.Sup. 1953); *Czora v. Ahrens,* 74 Misc.2d 601, 344 N.Y.S.2d 621 (N.Y.Co.Ct.1973).

 Here, plaintiff Dominiak's application to the Small Claims Court states that she is claiming "back pay due to the amount of $2,238.35, because of unfair payment as stated under Fair Labor Standards Act [sic]" (Item 10, exhibit A).[3] The complaint in the present lawsuit alleges an identical cause of action (Item 1, ¶¶ 70, 71).

Accordingly, defendants' motion to dismiss this claim must be granted.

### CONCLUSION

For the foregoing reasons, it is recommended that defendants motion to dismiss under Rule 12(b)(6) be granted (Item 10).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**SO ORDERED.**

DATED: Buffalo, New York

December 14, 1994

---

**3.** This information was provided in the space asking for the details of her claim. The actual amount asked for in damages was lowered to $2,000.00 in order to conform to the jurisdictional limitation of the court.